IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-169-FL

| | |
|---|---|
| GUILFORD JONES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner of Social ) <br> Security, ) <br> ) <br> Defendant. ) | **MEMORANDUM &** <br> **RECOMMENDATION** |

This matter is before the court on Plaintiff's application, filed pursuant to 28 U.S.C. § 1915, to proceed *in forma pauperis*. The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

On April 13, 2016, Plaintiff was ordered to file a more particularized application to address what appeared to be discrepancies in the income information contained in his application. Plaintiff has responded to the court's order by submitting an application to proceed *in forma pauperis* dated May 4, 2016. In this application, Plaintiff lists average monthly household income of $5,901.90 for the past twelve months. While Plaintiff does not list any income expected next month, he states in response to question 9 that he does not expect any major changes to his monthly income during the next twelve months. Plaintiff's application does not

clearly state the average monthly expenses for Plaintiff and his spouse, but they appear to be substantially less than the average monthly household income.

The information contained in Plaintiff's application fails to demonstrate that payment of the $400.00 filing fee in this action would prevent Plaintiff from providing himself and his dependents with the necessities of life. Accordingly, it is RECOMMENDED that Plaintiff's application to proceed without payment of costs be DENIED.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that Plaintiff's application to proceed without payment of costs, as amended, be DENIED and that Plaintiff be given thirty (30) days within which to tender to the clerk the filing fee of $400.00.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until **June 13, 2016**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 25th day of May 2016.

                                          */s/ Kimberly A. Swank*
                                          KIMBERLY A. SWANK
                                          United States Magistrate Judge